IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EPITACIO CABRERA-CASTILLO, | § |
| Movant, | § |
| VS. | § NO. 4:19-CV-188-O |
| | § (NO. 4:16-CR-122-O) |
| UNITED STATES OF AMERICA, | § |
| Respondent. | § |

**OPINION AND ORDER**

Came on for consideration the motion of Epitacio Cabrera-Castillo, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response,[1] the record, including the record in the underlying criminal case, No. 4:16-CR-122-O, styled "United States v. Valentin Velazquez, et al.," and applicable authorities, finds that the motion must be dismissed as untimely.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On June 15, 2016, movant was named along with others in a three-count superseding information charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[2] 119. Movant and his counsel signed a factual resume setting forth the penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense charged. CR Doc. 122. They also signed a

---

[1] The response is presented as a motion to dismiss the § 2255 motion as untimely. Movant failed to file a response.
[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-122-O.

waiver of indictment. CR Doc. 121. On June 27, 2016, movant entered a plea of guilty. CR Doc. 195. At the arraignment hearing, after movant had been sworn and answered several questions, his counsel notified the Court that movant indicated that he felt uncomfortable with the Court's questions and needed an interpreter. According to counsel, "It's the first I've heard of it." CR Doc. 701 at 4. Movant, then using the services of an interpreter, testified under oath that: He understood he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind; any discussion with his attorney concerning the guidelines would only be an estimate, not a promise, as to what the guidelines would be; the Court would not be bound by the stipulated facts and could take into account other facts; he understood his right to indictment and waived that right; he committed the essential elements as set out in the factual resume; he had had sufficient time to discuss the case and the charges against him and the issue of punishment with his attorney and he was satisfied with his attorney's representation; he understood that he could receive a sentence of not less than 5 nor more than 40 years' imprisonment; that no one had mentally, physically, or in any other way attempted to force him to plead guilty; no one had made any promises or assurances to him in any kind of effort to induce him to enter a plea of guilty; and, he understood all of the information contained in the factual resume and the stipulated facts were true and correct. *Id.* at 8–25. The Court found that the plea was knowing and voluntary. *Id.* at 25.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 38. CR Doc. 338, ¶ 113. He received two-level increases for possession of firearms, *id.* ¶ 114, importation, *id.* ¶ 115, and maintaining a drug premises. *Id.* ¶ 116. He received a three-level increase for being a manager or supervisor. *Id.* ¶ 118. He received

a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 122, 123. Based on a total offense level of 43 and a criminal history category of II, movant's guideline range was limited by the statutory maximum and became 240 months. *Id.* ¶ 170. The probation officer later prepared an addendum to the PSR to correctly state that the guideline range was 480 months. CR Doc. 450.

Movant was sentenced to a term of imprisonment of 360 months. CR Doc. 598. He appealed, CR Doc. 677, and his appeal was dismissed as untimely. *United States v. Cabrera-Castillo*, 698 F. App'x 781 (5th Cir. 2017). He did not file a petition for writ of certiorari.

## II.  GROUNDS OF THE MOTION

Movant asserts two grounds in support of his motion. First, he says he received ineffective assistance of counsel. Second, he says his conviction was obtained by a plea of guilty that was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea. Doc.³ 1 at 4.

## III.  TIMELINESS OF THE MOTION

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment

---

³ The "Doc. __" reference is to the number of the item on the docket in this civil action.

becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Here, movant's conviction and sentence became final on January 9, 2018, after the 90-day period for filing a petition for writ of certiorari expired. *Clay v. United States*, 537 U.S. 522, 525 (2003). He did not file his § 2255 motion until February 27, 2019, Doc. 1 at 6, almost two months after the deadline for doing so. In response to the Court's order requiring him to show cause why his motion should not be dismissed as untimely, Doc. 3, movant admitted that he did not know there was a deadline for filing the motion. Doc. 4 at 2.

The doctrine of equitable tolling is applied only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Movant's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). In this case, movant has not shown that he is entitled to equitable tolling.[4]

## IV. MERITS OF THE MOTION

Even had the motion been timely filed, movant could not prevail. His first ground is wholly conclusory and fails for that reason. *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). That counsel did not visit movant until the day before the plea and sentencing, if true, does not mean that he received ineffective assistance. And, in any event, movant has not made any attempt to

---

[4] Although movant refers to "council's [sic] misinformation," Doc. 4 at 2, it is clear that movant did not receive any advice or communication from his counsel. He was not affirmatively misled in any way.

show that he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Movant's second ground is barred because it should have been raised on appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). And, any contention that movant's plea was not knowing and voluntary is belied by the record. CR Doc. 701.

## V. CONCLUSION

For the reasons discussed herein, movant's motion is **DISMISSED AS UNTIMELY**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 12th day of January, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**